WILFRED E. BROWN *vs.* JOHN E. HART, TRUSTEE.

Second Judicial District, Norwich, April Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, JS.

A testator gave the residue of his property, real and personal, to a trustee to hold and invest, with power of sale, until his son became twenty-five, when it was to be transferred and conveyed to the son in fee.  The son became twenty-five in 1914, and in 1915 a tenant, who had occupied the premises since 1907 under a parol lease, refused to quit possession on notice from the trustee, claiming that after the son became twenty-five the trustee ceased to be the owner or lessor of the premises and had no right to bring an action of summary process against him, and that his continued possession was under a lease from the son, which the latter, as well as the trustee, denied.  *Held:*—

1. That under these circumstances it was the right, if not the duty, of the trustee, to attempt to free the premises from the incumbrance thus created before conveying them to the son, and therefore to maintain an action of summary process.

Brown *v.* Hart.

2. That upon the issue as to the alleged lease the son was properly allowed to testify that he had never made any such contract, that he had instructed the trustee to bring the action of summary process, and that he wanted the property transferred to him unincumbered.

3. That the son could not be required to take the premises subject to a lease without an express agreement on his part; and therefore a request to charge the jury that an implied contract in the nature of a lease was created between the tenant and the son upon the latter's arrival at twenty-five, was properly refused.

The jury were substantially instructed by the justice of the peace to consider the evidence and the arguments, and decide whether the plaintiff had proved the allegations of his complaint, or the defendant was right in his "requests" to charge. The defendant contended that the jury were thereby told to ignore the affirmative defenses set up in his answer. *Held* that had the reference in the charge been to the defendant's "answer" instead of his "requests," no complaint could have been made; and that inasmuch as the requests to charge did cover all the defenses set up in the answer save one, and that one related to the existence of the alleged express agreement in the nature of a lease between the son and the defendant, concerning which there was a sharp conflict of testimony, the jury could not have understood that they were to ignore that branch of the defendant's case, especially when directed to consider the evidence.

The jury reported that "after careful consideration of the evidence in the case, we find judgment in favor of the plaintiff." *Held* that although original in form, the verdict was intelligible and amounted to a general finding for the plaintiff upon the only controlling issue of fact in the case, viz., whether the defendant was in possession under an express contract with the son.

The mere inadvertent failure to mark as an exhibit a document which was offered and admitted in evidence, does not preclude counsel from reading from it in argument nor exclude it from going to the jury-room.

An assignment which attacks the entire charge as erroneous, without specifying any particular portion, does not comply with the statute.

Argued April 24th—decided June 1st, 1917.

WRIT OF ERROR to reverse the judgment of a justice of the peace in an action of summary process, brought to and tried by the Court of Common Pleas in New London County, *Waller, J.*, which affirmed the judg-

ment complained of, and from this judgment the plaintiff appealed. *No error.*

The original summary process proceeding was brought by John E. Hart, as trustee under the will of Elijah A. Morgan, against the plaintiff in error, hereinafter called the defendant.

Hart was trustee of the residue of the testator's estate, including the real estate in question, to hold and keep the same properly cared for and invested, with power of sale, "until my minor son, Erle A. Morgan shall have reached the age of twenty-five years (25) at which time said residuary portion with its accumulations shall be transferred and conveyed by proper instruments to my said son, Erle A. Morgan, his heirs and assigns forever, discharged of trust."

The son became twenty-five years old in 1914. The defendant had occupied the premises since 1907 under a written lease for one year which was afterward continued by parol, and at the time the summary process proceedings were instituted, in 1915, the testator's son was over twenty-five years old.

The defendant pleaded in abatement, on the ground that the plaintiff Hart, trustee, had no right to maintain the action because the trust was terminated when Erle A. Morgan became twenty-five years of age, and, on the plea being overruled, answered by alleging, among other things, that from the time Erle A. Morgan became twenty-five years of age, the defendant had been the tenant of Erle under an agreement that the defendant should pay to him the rent due, and to become due, from the time when he arrived at the age of twenty-five years, as soon as the property in question was turned over to Erle by the trustee.

The answer also alleged that the defendant had paid all the rent due to the Morgan estate until August, 1913, when the trustee refused to accept any more

rent, and that since that time the defendant has at all times been willing and ready to pay any rent which was due, and several times offered to pay the same, but the trustee refused to receive it.

The writ of error and bill of exceptions presented to the Court of Common Pleas included many alleged errors of the trial justice, which, in so far as they are pursued on this appeal, are sufficiently noticed in the opinion.

*Benjamin H. Hewitt,* for the appellant (plaintiff).

*Abel P. Tanner* and *Albert Denison,* for the appellee (defendant).

BEACH, J. One of the claims relied upon by the defendant is, that after Erle Morgan became twenty-five years of age the trustee no longer had a right to bring summary process, because the trust had terminated or become purely passive, and the trustee was no longer the owner or lessor of the premises. The trustee had not conveyed the premises to the *cestui que trust,* and so long as the defendant remained in possession, refusing to quit because claiming to be in possession under a contract of lease from the *cestui que trust,* which the latter denied having made, it was the right, if not the duty, of the trustee to attempt to free the premises from the incumbrance thus created, before conveying them to the *cestui que trust.* There was no error in overruling the plea in abatement and in holding that the trustee had a right to maintain the action.

Defendant also claimed and testified that in January, 1915, he made an express contract with Erle Morgan in the nature of a lease of the premises on the same terms as those on which he had been occupying them. Morgan denied this, and his testimony that he instructed

the trustee to bring this action of summary process, and that he wanted the property transferred to him unincumbered, was admissible on this issue.

The claim that the trial justice erred in refusing to charge as requested, was properly overruled. The first and third requests to charge, based on the claim that Hart, trustee, had no right to maintain the action, have already been covered. The second request, to the effect that upon the arrival of Erle Morgan at the age of twenty-five years there was created an implied contract between him and the defendant in the nature of a lease, is also unsound in law. The *cestui que trust* could not be required to take the premises subject to a lease, without an express agreement on his part. The fourth request, as to the burden of proof, was substantially complied with, and the fifth and last was in effect a request for a directed verdict.

The exception to the charge of the justice was properly overruled. The writ of error does not assign any specific errors in the charge, as required by law. It merely contains a general claim that the justice erred and mistook the law "(9) in charging the jury as fully set forth in Schedule Q of the bill of exceptions," and Schedule Q contains the whole charge without pointing out any part of it as erroneous. Aside from this, we think there was no substantial error committed in charging the jury.

The particular error, pointed out for the first time in the appeal from the judgment of the Court of Common Pleas, is that the justice erred in charging the jury as follows: "Gentlemen of the Jury: You have heard the arguments and the evidence, *pro* and *con*. If you decide that the plaintiff has proved the allegations of his complaint, you should decide in his favor." It is now urged that the jury were instructed thereby to ignore the affirmative defenses set up in the answer.

On the whole charge, the jury were invited to consider the evidence and the arguments, and to find whether the plaintiff had proved his complaint, or the defendant was right in his "requests" to charge. If the reference had been to the defendant's "answer," instead of to the defendant's requests to charge, no complaint could be made; and the only point in which the requests to charge fail to cover the defenses set up in the answer, is in respect of the alleged express agreement in the nature of a lease, between the *cestui que trust* and the defendant. As to the existence of such an agreement there was a sharp conflict of testimony between Erle Morgan and the defendant, and it is unreasonable to suppose that the jury understood that they were to ignore that branch of the defendant's case, for they had been told to consider the evidence, and in their verdict they said they had carefully considered it.

In referring to this alleged express agreement as the only point in which the requests to charge failed to cover the defenses set up in the answer, we do not overlook the allegation that the defendant has been at all times ready and willing to pay rent due the estate, and that the trustee has refused to receive it. In view of the other allegations of the answer, the offer to pay rent to the trustee must be understood as an offer to pay rent to him up to September, 1914, when Erle Morgan became twenty-five years old. After that date the answer alleges a contract to pay the rent due and to become due to Erle Morgan. In other words, the whole defense set up in the answer hangs on the theory that as soon as the *cestui que trust* reached that age he became capable of contracting as lessor of the premises, and that the defendant was entitled to remain in possession of the premises by virtue of an express or implied contract to that effect with the *cestui que trust*.

Another objection is to the form of the verdict,

which was as follows: "After careful consideration of the evidence in the case, we find judgment in favor of the plaintiff." We think this amounts to a general verdict for the plaintiff on the only controlling issue of fact in the case, namely, whether the defendant was in possession under an express contract with the beneficial owner. Although original in form, the verdict is intelligible, and no particular form of verdict is required by our law, except in the case of special verdicts provided for in § 757 of the General Statutes.

The claim that the justice erred in allowing counsel to read from, and in permitting to go to the jury-room, a document not marked as an exhibit in the cause, is without substance, for the bill of exceptions shows that the document was offered and admitted in evidence, and that the failure to mark it as an exhibit was through inadvertence.

The exceptions relating to the justice presiding over the second trial of the case after the first trial had resulted in a disagreement, and to the admission of the deposition of Hart, trustee, were abandoned at the argument.

This disposes of all the assignments of error pursued on the brief.

There is no error.

In this opinion the other judges concurred.