[S. F. No. 12329. Department Two.—April 21, 1928.]

JAMES N. WINSKY, Respondent, v. EDWARD H. De-MANDEL et al., Appellants.

Ford, Johnson & Bourquin for Appellants.

Leo A. Cunningham for Respondent.

RICHARDS, J.—The plaintiff commenced this action for damages for the death of his minor daughter of the age of eight years, who was killed at the intersection of Guerrero and Seventeenth Streets in the city of San Francisco by being struck by an automobile driven by the defendant De-Mandel while in the act of crossing the street at said intersection, and in so doing in going around a laundry truck owned by the North Star Laundry Company and being operated by Williams, one of its employees, and which truck had been by said Williams left standing upon such intersection in an angular position and directly in the path of

pedestrian travel. Upon the trial of the cause before the court, sitting with a jury, the verdict of the latter absolved DeMandel from liability, but otherwise found in favor of plaintiff against the defendant North Star Laundry Company and also against its employee Williams, fixing the plaintiff's damage at $2,500. The last-named defendants appeal from the judgment entered upon such verdict.

Practically the only question of law presented upon this appeal relates to the validity of an ordinance of the city and county of San Francisco numbered section 19 of Ordinance 1857 thereof, which makes it unlawful for any person to leave standing any automobile or other vehicle in such position at any intersection of the streets thereof so as to obstruct the passage of pedestrians at the crossings thereon. The trial court, over the objection of the appellants, permitted the introduction of this ordinance in evidence and instructed the jury that if they found that the defendant Williams had so left standing the laundry truck which he was engaged in driving for his co-defendant, the North Star Laundry Company, as not to keep the passage of pedestrians clear, they should find him and consequently his employer guilty of negligence. Appellants urge that the trial court was in error in the admission of said ordinance in evidence and in giving such instruction, for the reason that the ordinance is in conflict with sections 130 and 131 of the California Vehicle Act. (Stats. 1923, pp. 517, 558, 560.) A reference to these sections will, however, disclose that they do not relate to the matter of leaving vehicles standing at street intersections so as to interfere with the passage of pedestrians upon the regularly provided crossings for the use of pedestrians thereon. This being so, there is no conflict between the state law regulating the approach by vehicles to such intersections and the manner and way of turning vehicles thereon and the ordinance of the municipality in question, which relates solely to the interference with pedestrian travel which would result from the stopping or leaving standing of motor or other vehicles upon the crossing at street corners. The jury in the instant case found upon sufficient, though somewhat conflicting, evidence that the defendant Williams had left his employer's laundry truck standing upon the crossing at the intersection of said streets provided for the use of pedestrians, and that the plaintiff's

daughter, a child of the age of eight years, and hence not ordinarily chargeable with contributory negligence, while attempting to go around said laundry truck in order to negotiate said crossing was struck by the car driven by De-Mandel, who was himself without negligence; that it was the negligent act of Williams in violation of the terms of said ordinance which was the proximate cause of the death of said child. We find no error in the admission of said ordinance in evidence or in the giving of the instruction complained of. With relation to the other instructions of the court as to which the appellants offer some criticism, we find that the instructions when read as a whole fully and fairly presented the law applicable to the case.

The judgment is affirmed.

Shenk, J., and Langdon, J., concurred.