FLORENCE ONEKER *v.* THE LIGGETT DRUG COMPANY, INC., ET ALS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued February 1st—decided March 2d, 1938.

*Martin E. Gormley,* for the appellant (named defendant).

*Joseph G. Shapiro,* with whom, on the brief, was *Harry Dinerstein,* for the appellants (defendants The Liquor Products Company, Inc., et al.).

*Raymond E. Baldwin,* for the appellee (plaintiff).

AVERY, J.   The plaintiff brought this action to recover damages for injuries which she claimed to have received in consequence of walking against a door of a partially opened hatchway on the sidewalk on Fairfield Avenue in Bridgeport near the entrance to the store of the defendant The Liggett Drug Company, Inc.   She brought her action against that defendant and also against The Liquor Products Company, Inc., and The Yantic Grain and Products Company on the ground that the servant of the latter two companies had raised the door of the hatchway whereby she was injured.   The case was tried to the jury and the plaintiff recovered a verdict of $3000 against all defendants which the trial court refused to set aside, and the defendants have appealed.   The Liggett Drug Company filed a separate appeal from that of the other two defendants.

Taking the view of the evidence most favorable to the plaintiff, the jury might reasonably have found these facts: On September 23d, 1935, the defendant The Liggett Drug Company, Inc., operated a drug store on the southwest corner of Main Street and Fairfield Avenue in Bridgeport with an entrance on Main Street and another on Fairfield Avenue about forty feet westerly from Main Street.   Just westerly from the Fairfield Avenue entrance and about eleven inches from the westerly side of that entrance, there was a hatchway opening from the sidewalk into the cellar of the store.   There were two doors in the hatchway each thirty-two and one-half inches wide. These were set in a steel frame flush with the sidewalk, one on each side of the frame opening up crosswise of the sidewalk.   The southerly edge of the frame was adjacent to the side of the building and the doors and frame extended out from the building across the sidewalk sixty-two inches.   The sidewalk at that point

was eight feet wide. This hatchway was used by The Liggett Drug Company in receiving goods into the cellar of its store and was located on the sidewalk at the busiest intersection of Bridgeport. At the time of the plaintiff's injury, about 1 o'clock in the afternoon, a truck belonging to the defendants The Yantic Grain and Products Company and The Liquor Products Company, Inc., was parked with its rear end about opposite the hatchway. An agent of these defendants was discharging a shipment of liquor in wooden cases. A shipping clerk of the defendant The Liggettt Drug Company was in the basement at the foot of the hatchway to receive the cases as they were lowered into the cellar. There were several cases piled on the sidewalk leaving a space between the cases and the side of the building for persons to pass. The plaintiff, who had gone into the store to leave a suit-case for safe keeping at the invitation of The Liggett Drug Company, came out of the Fairfield Avenue door, saw the boxes piled on the sidewalk and the iron doors of the hatchway flush with the walk. She took about two steps, intending to pass between the boxes and the building, and as she stepped upon the easterly door of the hatchway the westerly door was opened without warning and she struck the edge of the door, her abdomen came in contact with it and she received the injuries complained of. The agent of the defendants The Yantic Grain and Products Company and The Liquor Products Company, Inc., who was discharging the merchandise into the cellar through the hatchway, had without warning opened the westerly door as the plaintiff was in the act of stepping across the hatchway. If the jury found these to be the facts, they might well have concluded that the agent of the two companies was negligent in raising the door without proper warning.

The case is very similar to *Campus* v. *McElligott*, 122 Conn. 14, 19, 187 Atl. 29. In this case we cited with approval a statement that: " 'A person who occupies premises, and maintains or controls, for his own convenience, an opening in an adjacent sidewalk, through which he contracts for the delivery of goods, is liable for injuries received by a pedestrian as a result of the negligence of the deliveryman in not properly guarding or in failing to properly close the aperture.' " The defendant The Liggett Drug Company seeks to differentiate the instant case from the *Campus* case by three claims of fact. It claims there was no notice to the Drug Company as to the presence of the truck near the hatchway for the purpose of making a delivery. It was in evidence that the shipping clerk of the defendant was in the cellar at the foot of the hatchway for the purpose of receiving the merchandise as it was delivered. The jury would have been justified in finding that the agents of the two companies were engaged in unloading the merchandise into the cellar of the latter's store. This appellant further contends that before the attempt was made to raise the hatchway the agent of the companies looked up and down the street and observed no one approaching from either direction. It is true this agent did so testify; but the jury were not bound to believe the testimony in view of the other evidence in the case; and, even if the jury did believe this evidence, they might still have found that he failed to exercise reasonable care toward the plaintiff as she came out of the store.

Both defendants claimed that the plaintiff should have been found guilty of contributory negligence as a matter of law, basing their contention upon evidence offered by the defendants that the boxes were piled upon the easterly door of the hatchway, their claim

being that the plaintiff coming out of the door of the store should have seen the boxes piled in that manner and have been warned thereby that the hatchway door might be opened. This was a matter in dispute in the evidence. The testimony of the plaintiff was to the effect that as she came out of the door of the Drug Company's store she observed the boxes piled between the hatchway and the curb; that the doors of the hatchway were down and she attempted to walk across them between the boxes and the side of the building. It thus appears that she was exercising her senses, and the question of contributory negligence under the circumstances was for the jury. *Crowell* v. *Middletown Savings Bank,* 122 Conn. 362, 366, 189 Atl. 172. *Masi* v. *General Ice Cream Corp.,* 120 Conn. 259, 262, 180 Atl. 455; *Johnson* v. *Pulidy,* 116 Conn. 443, 447, 165 Atl. 355.

The jury wrote upon the form of the verdict, after the amount of the damages, $3000, the words, "Equally responsible. Each defendant." Counsel for The Liquor Products Company and The Yantic Grain and Products Company, in brief and argument, made the claim that these words written upon the verdict indicated that the jury were moved by sympathy and meant that the jury intended to direct that $1500 was to be paid by The Liggett Drug Company and a like amount by the other two defendants. This is a strained interpretation. Without violation to the language, the phrase is easily susceptible of the meaning that the jury considered each defendant equally responsible for the damage. The notation is without significance as affecting the verdict.

Finally, the appellants claim that the damages were excessive. The plaintiff was sixty-eight years of age, previously in good health. As a result of striking the partially opened door she was thrown forward and

later began to experience trouble with her back. This was diagnosed by the physicians who treated her as a sacroiliac sprain. As a result of the injury she is very lame, at times has severe pains in her back, and is unable to stoop down and do her housework as before the accident. The medical testimony was to the effect that this condition was permanent and that her condition would grow progressively worse. In view of the testimony in the case we cannot say that the verdict of the jury was so clearly excessive as to warrant interference by this court.

There is no error.

In this opinion the other judges concurred.