NELLIE M. EDGECOMB *v.* GREAT ATLANTIC AND PACIFIC TEA COMPANY.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued December 4, 1940—decided February 7, 1941.

*John T. Allen,* for the appellant (plaintiff).

*Charles V. James,* with whom, on the brief, was *Arthur M. Brown,* for the appellee (defendant).

JENNINGS, J. The plaintiff was injured when, forced toward the outer edge of the sidewalk by an obstruc-

tion placed thereon by the defendant, she stepped into a depression in the walk. The only error assigned is the granting of the motion to set aside the verdict. The question to be decided is whether the jury could reasonably have found the acts of the defendant to be the proximate cause of the plaintiff's injury.

While the evidence is fairly extensive, there is no serious dispute about the material facts. The defendant operates a super market on the northerly side of Bank Street in New London. A concrete sidewalk covers the space from the front of the store to the street. It is about ten feet wide and slopes downward from west to east. A rough, depressed area adjoins the curb. This area is about eight feet long, two feet wide and its average depth is about one and one-half inches.

The accident took place at 4.30 o'clock on a pleasant summer afternoon. The defendant had received a shipment of potatoes in one hundred pound burlap bags. These were so piled on the sidewalk in front of the store as to leave only about three feet clear between the curb and the bags and one foot between the depression and the bags. A clerk was engaged in transferring the potatoes from the large burlap to small paper bags. Further along, a large truck was unloading merchandise for the store. The plaintiff, intending to enter the store, walked down the middle of the Bank Street sidewalk with a friend. She was on the curb side. She had to turn toward the street because of the obstructions, stepped into the depression, fell and was injured. She knew of the depression but her attention was attracted by the man working on the potatoes and by the truck. As she put it, "because we were looking out for the man who was stooping, we didn't want to knock him over."

The memorandum on the motion to set aside the

verdict reads in part as follows: "The plaintiff has furnished ample authority for the proposition that the determination of proximate cause may be a question of fact. But here there is no difficulty about the fact. The question whether an act is the cause of a condition which follows in close proximity in point of time or place is a question of logic. If the logical answer is that it was not the cause but only the occasion, no verdict of a jury can furnish a different answer."

In passing it may be noted, as pointed out in the dissenting opinion in *Mahoney* v. *Beatman,* 110 Conn. 184, 204, 147 Atl. 762, that in submitting the question of proximate cause to a jury, pure logic is not always a sure guide. Restatement, 2 Torts, § 431, Comment (a). It is, after all, a practical question and one of fact for the jury under proper instructions unless it can fairly be said that reasonable men could not reasonably find that the causal relation existed. *Mahoney* v. *Beatman,* supra, 197; *Corey* v. *Phillips,* 126 Conn. 246, 254, 10 Atl. (2d) 370. " 'To constitute such causal relation between defendant's tort and plaintiff's damage as will suffice to maintain an action of tort, the defendant's tort must have been a substantial factor in producing the damage complained of.' " *Mahoney* v. *Beatman,* supra, 195. As noted in the quotation from the memorandum of decision, the verdict was set aside because it was the view of the trial court that the negligent act of the defendant was the occasion rather than the cause of the plaintiff's injuries. "Occasion" is the equivalent of the term "condition," more usual in our decisions. As stated in *Kinderavich* v. *Palmer,* 127 Conn. 85, 96, 15 Atl. (2d) 83, "The statement that an act or omission is a condition and not a cause of an occurrence from which injury results means no more than that it is not a proximate cause of that occurrence." No question was

raised as to either the due care of the plaintiff or the negligence of the defendant. This limitation, therefore, brings us back to the fundamental question stated above, could reasonable men reasonably find that the negligent act was a substantial factor in causing the plaintiff's injuries?

The plaintiff's injuries did not result from the actual application of force to her person by the defendant. It established and maintained a dangerous condition which caused her fall in the manner described. Clerk & Lindsell, Torts (7th Ed.) 503. In *Roden* v. *Connecticut Co.*, 113 Conn. 408, 155 Atl. 721, the act of the driver of a bus in discharging a passenger in the street where he was struck by a passing truck was claimed to be a remote cause of the plaintiff's injuries. This was answered as follows (p. 413): "We certainly cannot say, however, as a matter of law, that the defendant's breach of duty did not constitute a substantial factor in producing the accident, so that it was a concurring cause rather than a remote circumstance which merely gave rise to the occasion for the injury." In *Mitnick* v. *Whalen Brothers, Inc.*, 115 Conn. 650, 163 Atl. 414, the negligence of two automobile drivers in colliding in the street was held to constitute a basis for a verdict for a plaintiff who was thereby frightened so that she fell down and was injured, in the face of a claim by the defendants that there was no connection between the two events. See also *Block* v. *Pascucci*, 111 Conn. 58, 149 Atl. 210; *Cuneo* v. *Connecticut Co.*, 124 Conn. 647, 651, 2 Atl. (2d) 220; *DeMunda* v. *Loomis*, 127 Conn. 313, 16 Atl. (2d) 578; Restatement, 2 Torts, § 432, Comment (c); id., § 433, Comment (b). While on principle these authorities sustain the conclusion that the inference is a question for the jury, it is necessary to go to other jurisdictions for

illustrative rulings on states of fact like those present in this case.

In *Shafir* v. *Sieben,* 233 S. W. 419 (Mo.) 17 A. L. R. 637, and note, p. 646, a demurrer was sustained to a complaint alleging that the plaintiff was injured when forced to take to the road because of illegal obstructions on the sidewalk. On appeal this was held error on the ground that the facts alleged were sufficient, if proved, to warrant a finding that the negligence of the obstructors concurred with that of the third party actually causing the injury. See also *Daneschocky* v. *Sieble,* 195 Mo. App. 470, 193 S. W. 966; *Hansen* v. *Houston Electric Co.* (Tex. Civ. App.) 41 S. W. (2d) 77; *Flagg* v. *Hudson,* 142 Mass, 280, 287, 8 N. E. 42; *Milbury* v. *Turner Centre System,* 274 Mass. 358, 174 N. E. 471; *Winsky* v. *DeMandel,* 204 Cal. 107, 266 Pac. 534; *Hartford* v. *Silverman,* 109 Cal. App. 587, 293 Pac. 660. As stated in the last case cited, the decisions are not uniform but the weight of authority sustains the plaintiff's position.

This question of proximate cause is so fundamentally one of fact and inference, that, even where, as here, there is no serious dispute about the material facts, it should be left to the jury if it is open to a reasonable difference of opinion. Restatement, 2 Torts, § 434, Comment (c). For the reasons stated, we hold that it was such a question and that the verdict should not have been set aside.

There is error and the case is remanded with direction to enter judgment on the verdict.

In this opinion MALTBIE, C. J., and AVERY, J., concurred; BROWN and ELLS, Js., dissented.