CHRISTINA MOURISON *v.* JOHN A. HANSEN ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued April 2—decided May 8, 1941.

*John Keogh, Jr.,* with whom, on the brief, was *Nehemiah Candee,* for the appellant (plaintiff).

*David M. Reilly,* for the appellees (defendants).

AVERY, J. The plaintiff was riding in the front seat of an automobile which was being operated by her husband. As the automobile approached the intersection of West Avenue and Garner Street in Norwalk, it was stopped by a red traffic signal and while standing the automobile was run into in the rear by a delivery truck proceeding in the same direction driven by the defendant John A. Hansen, and owned by his father, Einar V. Hansen. The case was tried to the jury and resulted in a verdict for the plaintiff from which she has appealed, claiming error in the instructions of the court upon the question of damages and also bringing up for review the action of the trial court in refusing to allow the plaintiff more than four peremptory challenges.

The plaintiff offered evidence to prove and claimed to have proved these facts: When the collision occurred, she was thrown violently forward, felt a snap in her back, and was in great pain. Subsequently, she was taken to a hospital and it was discovered that she had sustained a chip fracture of the spinous process of the seventh cervical vertebra. The plaintiff previously had undergone two operations. She claimed that she had entirely recovered from the effects of those operations and before the collision was in good health and was earning $18 per week at her employment. The collision occurred on July 22, 1939, and the plaintiff remained in the Norwalk Hospital until November 6,

1939, and thereafter was taken to her home. She claimed that she suffered great pain in consequence of her injuries, has been totally disabled from work up to the time of the trial and that she would suffer permanently. In the course of the trial, the plaintiff also offered evidence to prove and claimed to have shown that previous to her injury she had suffered from an arthritic condition which was dormant and did not prevent her from working at her occupation and that she was in fairly good health. Her claim was that this dormant condition had been lighted up by the injury to her back and had resulted in a painful condition, disabling her from work. The defendants claimed that the plaintiff was completely cured of the injuries received in this collision after a period of six months and that her condition at the time of the trial was due not to the injuries which she had received in the collision but to natural causes in no way resulting from the physical injuries.

The plaintiff in writing made several requests to the court for instructions to the jury. These requests in substance asked the court to instruct the jury that if they found that prior to the collision the plaintiff had a dormant arthritic condition which gave her no particular trouble but as a result of the collision the dormant condition was aggravated to the extent that the plaintiff had suffered from it ever since, they might find that the collision was the proximate cause of her condition. The court did not charge as requested and the plaintiff assigns error in the refusal of the court to so charge and also to certain portions of the charge as delivered. While in its charge the trial court referred to the pre-existing condition of the plaintiff, it nowhere, even in substance, instructed the jury in accordance with the request. The trial court stated: "It is the

duty of the plaintiff to establish by a fair preponderance of the evidence, in the first place, that due to these injuries, and solely as the result of the injuries claimed to have been sustained by reason of this particular collision, she was rendered unable to pursue her usual occupation."

The plaintiff was entitled to recover "full compensation for all damage proximately resulting from the defendant's negligence even though her injuries are more serious than they would otherwise have been because of pre-existing physical or nervous conditions." *Flood* v. *Smith,* 126 Conn. 644, 647, 13 Atl. (2d) 677; *Sapiente* v. *Waltuch,* 127 Conn. 224, 227, 15 Atl. (2d) 417; *Hartz* v. *Hartford Faience Co.,* 90 Conn. 539, 544, 97 Atl. 1020; 15 Am. Jur., Damages, § 80. The trial court should have informed the jury that if they found that the wrongful act of the defendants was a substantial factor in producing the plaintiff's condition, she was entitled to recover damages for the disability so caused and specifically if they found that the injuries received in consequence of the defendants' negligence were a substantial factor in lighting up the pre-existing condition of arthritis so that it became aggravated, painful, and disabling, she was entitled to damages to the extent that the jury found her condition was so aggravated by the defendants' wrongful act. It follows that there was error in the charge upon this point and in the refusal of the trial court to charge in substance as requested by the plaintiff.

At the trial, it was the claim of the defendants that the collision was a slight one and in its instructions to the jury the trial court, after calling the attention of the jury to the evidence concerning the impact of the two vehicles, went on to say: ". . . so that, taking into consideration the slightness or severity, whatever

you may find it to have been, of the impact, you may then go on to the next step and determine, as well as you can, what it would be reasonable to expect to have probably occurred from such an incident or occurrence as that." In view of the claim of the defendants that the impact was slight, this statement of the trial court might well have led the jury to believe that the test of damages would be those which it might be anticipated would probably occur from such an impact and in this respect the instruction was erroneous. The plaintiff was entitled to recover all damages which proximately resulted from the negligence of the defendants. *Morro* v. *Brockett,* 109 Conn. 87, 93, 145 Atl. 659. The test is, did the damages follow in a natural sequence from the injury? *St. Martin* v. *New York, N. H. & H. R. Co.,* 89 Conn. 405, 411, 94 Atl. 279. Reasonable anticipation is not the basis upon which proximate causation is determined. *Corey* v. *Phillips,* 126 Conn. 246, 255, 10 Atl. (2d) 370. The plaintiff was entitled to recover for all damages proximately caused by the defendants' wrongful act whether or not the results were reasonably to be anticipated from such an act. The test is, did the act cause the damage, not would such an act be likely to cause such a damage. *Mahoney* v. *Beatman,* 110 Conn. 184, 190, 147 Atl. 762. Of course, where a claim is made for future damage, it is restricted to such as is shown to have been caused by the wrongful act and which, with reasonable probability, will result from it in the future. *Johnson* v. *Connecticut Co.,* 85 Conn. 438, 441, 83 Atl. 530; *Feehan* v. *Slater,* 89 Conn. 697, 702, 96 Atl. 159.

In the examination of the prospective jurymen, before the jury were impanelled, the trial court permitted the plaintiff four peremptory challenges. It permitted to the defendants together eight peremptory chal-

lenges. The plaintiff claimed the right to eight peremptory challenges because four such challenges were allowed to each defendant, and took exception to the refusal of the trial court to allow the eight peremptory challenges. It does not appear that any exception was taken to the action of the trial court in allowing each of the defendants four peremptory challenges. Inasmuch, however, as the same question might well result upon another trial and may constantly arise in the trial court, we refer to it. Section 5577 of the General Statutes provides: "On the trial of any civil action, each party may challenge peremptorily four jurors. . . ." We recognize that the great weight of authority is to the effect that the word "party" in similar statutes means all who are on one side of an action and consequently the fact that there are more than one on each side does not increase the number of challenges except where their interests are diverse or antagonistic. 31 Am. Jur., Jury, § 192; 35 C. J. 411. However, one of the principal reasons of peremptory challenge is to prevent persons serving on the jury who, for reasons not amounting to grounds of challenge for cause, some party may feel are likely to be subjected to bias or influence. Where there is more than one party, it might very well be that persons acceptable to one would be wholly inacceptable to another. Moreover, where there are more than four plaintiffs or defendants, as not rarely happens, to restrict each side to four challenges might mean that one or more would have no right of challenge at all. To protect the rights of all, each should have an equal number of challenges. It follows that where there are several plaintiffs or defendants, as the case may be, each is entitled to four peremptory challenges under this statute. The trial court correctly ruled that the single party plaintiff was

entitled to four peremptory challenges and that each of the parties defendant was entitled to four.

There is error and a new trial is ordered.

In this opinion the other judges concurred.