CLARENCE H. NEWLIN *vs.* NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY.

Essex. April 7, 1942. — May 31, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, RONAN, & WILKINS, JJ.

*Proximate Cause. Negligence,* Telephone pole. *Actionable Tort. Telephone Company. Pleading, Civil,* Declaration.

Allegations that a telephone company maintained a pole on a public way in a weak and defective condition of which it knew or in the exercise of reasonable diligence should have known, that by reason thereof the pole fell and carried away a power line running to a nearby mushroom plant of the plaintiff, with a result that electrical apparatus of the plaintiff therein was disabled, the temperature rose, and growing mushrooms were killed, adequately set forth a cause of action for damage proximately resulting from negligence of the defendant.

TORT. Writ in the Superior Court dated March 27, 1940.

A demurrer to the declaration was sustained by *Hurley,* J.

In this court the case was argued at the bar in April, 1942, before *Field,* C.J., *Donahue, Dolan, Cox,* & *Ronan,* JJ., and

after the retirement of *Donahue* & *Cox*, JJ., was submitted on briefs to *Lummus, Qua,* & *Wilkins*, JJ.

*D. Santry* & *J. W. Santry, Jr.*, for the plaintiff, submitted a brief.

*J. N. Clark*, for the defendant.

DOLAN, J. This is an appeal from an order sustaining the defendant's demurrer to the plaintiff's declaration. The allegations of the declaration are, in substance, that on July 14, 1937, and for a long time prior thereto, the plaintiff was the owner of a mushroom plant located on Washington Street in Groveland; that at that time, and for a long time prior thereto, the defendant maintained a pole on that street a short distance from his plant; that the defendant was obliged by law to use strong and sufficient poles; that the pole involved was not such but was weak and defective, which defect the defendant knew of, or with the exercise of reasonable diligence could have determined; that said pole being in a weakened and defective condition fell on July 14, 1937, by reason of the defendant's negligence in maintaining said pole, and carried away with it a power line which ran to the plaintiff's plant a short distance from said pole, with the result that the electrical apparatus used by the plaintiff in the growing of mushrooms was disabled, causing the temperature to rise; and that in consequence of the heat, a crop of mushrooms was killed, "all to his great damage as alleged in his writ."

The grounds of demurrer are as follows: "1. The declaration does not state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action in tort against this defendant. 2. The matters contained in the declaration are insufficient in law to enable the plaintiff to maintain an action of tort against this defendant. 3. The declaration does not state a cause of action in tort substantially in accordance with the rules contained in G. L. (Ter. Ed.) c. 231, and amendments thereof and additions thereto, and in particular in cl. 2d of Section 7, thereof." The demurrer was sustained generally.

The defendant argues that the declaration does not concisely and with substantial certainty state the substantive

facts necessary to constitute a cause of action as required by G. L. (Ter. Ed.) c. 231, § 7, Second; that apart from "the demurrable defects of form, there is in the declaration nothing of substance which could enable the plaintiff to maintain an action of tort against this defendant"; that the cause of action is sought to be based on negligence of the defendant in the maintenance of the pole on a public highway and that the mere assertion of an obligation to use strong and sufficient poles is not enough to raise the question whether G. L. (Ter. Ed.) c. 166, § 30, in any circumstances creates an independent statutory right of action; and that with respect to the allegation of negligence, that is a mere expletive, at most a bare conclusion of law, unsupported by allegations of fact showing any duty of care owed by the defendant to the plaintiff in the circumstances stated, or any breach of such duty, or any damage to the plaintiff of which any act or omission of the defendant was in a legal sense the proximate cause.

While it is settled that, if the defendant owed no duty of care to the plaintiff upon the facts alleged as argued by the defendant, there could be no actionable negligence on its part, *Theriault* v. *Pierce*, 307 Mass. 532, 533; *Little* v. *Lynn & Marblehead Real Estate Co.* 301 Mass. 156, yet it is also settled that the possibility of harm to a class of which a plaintiff is one raises a duty to abstain from conduct from which harm may result, and that, if a defendant is guilty of negligent conduct, he is liable for any injury which proximately results to the person or property of another, whether he might or might not have anticipated reasonably the particular manner and direction in which it is actually communicated. *Higgins* v. *Dewey*, 107 Mass. 494, 496, and cases cited. *Gates* v. *Boston & Maine Railroad*, 255 Mass. 297, 302. *Herrick* v. *Springfield*, 288 Mass. 212.

It is unnecessary to consider the effect of G. L. (Ter. Ed.) c. 166, § 30, relative, in part, to maintaining strong and sufficient supports for "a line of wires over . . . streets." The plaintiff's declaration contains no express reference to any statute. On its face it is a common law declaration in tort for negligence and at common law "Whenever a man

has a temporal loss or damage by the wrong of another, he may have an action on the case to be repaired in damages." *Atkinson* v. *Newcastle & Gateshead Waterworks Co.* L. R. 6 Ex. 404. *Metallic Compression Casting Co.* v. *Fitchburg Railroad,* 109 Mass. 277, 282. The declaration alleges sufficiently the defendant's ownership of the pole and its negligent failure to use reasonable care to keep it in strong and safe condition, a duty that it owed not only to the plaintiff but to the public generally (see *Fulton* v. *Edison Electric Illuminating Co.* 303 Mass. 258, 263; *Metallic Compression Casting Co.* v. *Fitchburg Railroad,* 109 Mass. 277, 282), and alleges concisely and with substantial certainty the character of the injury to the plaintiff's property caused by the alleged negligence of the defendant.

The allegation in the declaration that in falling by reason of its weakened and defective condition the defendant's pole carried away with it a power line to the plaintiff's mushroom plant and the recital of the consequent damage to his property are sufficient. The plaintiff was not called upon to set up in express terms by what authority or contractual relationship the electric current was being supplied to his property, or (if it were so) that the cable was attached to the defendant's pole. There is no allegation in the declaration to show any intervening cause, and the defendant would be liable for its alleged negligence, as before stated, whether it might or might not have anticipated the particular manner or direction in which the harm to the plaintiff was alleged to have been actually communicated. It cannot be said rightly that the plaintiff would have no cause of action against the defendant because he derived his right to the use of the electric current from others. The use was in the plaintiff, and if the defendant "a stranger unlawfully interfered with it, to the injury of the plaintiff, he could maintain an action." *Stock* v. *Boston,* 149 Mass. 410, 414. *Derry* v. *Flitner,* 118 Mass. 131, 134. *Bickford* v. *Richards,* 154 Mass. 163. *Kiernan* v. *Metropolitan Construction Co.* 170 Mass. 378. *Hebbard* v. *McDonough,* 245 Mass. 204. The allegations of the declaration are sufficient to show that the damage alleged to have been sustained by the

plaintiff was proximately caused by the alleged negligence of the defendant.

The order sustaining the demurrer is reversed and instead an order is to be entered overruling the demurrer.

*So ordered.*