292

## NORTHEAST AUTO WRECKERS, Inc. v. SANFORD.

### No. 303.

Municipal Court of Appeals for the District of Columbia.

July 27, 1945.

Jack Politz, of Washington, D. C., for appellant.

John T. Bonner, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

Plaintiff, appellant here, sued for trespass to real estate, unlawful eviction, and destruction of personal property. It had judgment for $10 compensatory damages for the trespass and eviction and $50 exemplary damages. Its claim for personal property damaged and destroyed was denied and from this it has appealed.

Plaintiff occupied as tenant at will of defendant a small structure described as a shed, fronting an alley at the rear of premises owned by defendant. In the shed plaintiff had stored a large assortment of automobile parts and other items. Its business was conducted in a building across the alley. Over a period of months defendant had given plaintiff numerous verbal notices to remove. Following a final verbal notice, workmen employed by defendant began to tear down the structure. This was in progress when the workmen left for dinner. In their absence the shed, including some of plaintiff's property, was destroyed by fire.

The trial court found (1) that the shed was ignited by sparks from burning trash in a large receptacle located nearby; (2) that there was no evidence showing who started the fire or whose trash was being burned; and (3) that defendant's acts were not the proximate cause of the damage to plaintiff's property.

 Plaintiff's right to possession as a tenant at will could only be terminated by defendant by a 30 day notice in writing.[1] The eviction, therefore, was unlawful and justified the judgment entered. But such damages would not include the value of articles stored in the building unless their injury or destruction proximately resulted from defendant's wrongful act.

 In view of the evidence and the trial court's findings, defendant may not be held responsible for the origin, maintenance or control of the fire, which, under the circumstances, was the immediate cause of plaintiff's loss. The wrongful act was the partial demolition of the shed where the goods were stored, and defendant's liability for damages would not extend beyond such as resulted from and were caused by his misfeasance.

[1] Code 1940, § 45—903.

Persons are undoubtedly responsible for "the natural and proximate consequences, not only that certainly would, but that probably might, flow from their wrongful act."[2] But here the question was whether the fire was a "consequence" of tearing down a part of the shed.

It is not only a requirement that the damage be a natural or probable consequence of defendant's act, but that it actually result from that act. "The test is, did the act cause the damage, not would such an act be likely to cause such a damage."[3]

We find no error in the findings or rulings of the trial court.

Affirmed.

---

[2] Washington, A. & Mt. V. R. Co. v. Lukens, 32 App.D.C. 442, 454.

[3] Mourison v. Hansen, 128 Conn. 62, 20 A.2d 84, 86, 136 A.L.R. 413.