MARIA GAJEWSKI ET AL. *v.* ARTHUR PAVELO ET AL.
(11404)

DUPONT, C. J., DALY and LAVERY, Js.

Argued April 5—decision released August 10, 1993

*Richard A. Fuchs,* with whom, on the brief, was *Rosalind J. Koskoff,* for the appellants (plaintiffs).

*Barbara Brazzel-Massaro,* associate city attorney, for the appellees (defendant city of Bridgeport et al.).

*James E. Coyne,* for the appellee (defendant Utica Radiator Corporation).

DUPONT, C. J. The plaintiffs, Maria Gajewski, Jan Gajewski and Janusz Gajewski, appeal from a judgment in favor of the defendants rendered after a jury verdict. The plaintiffs claim that (1) the jury charge was

so confusing that it provided inadequate guidance to the jury, (2) the jury charge included inconsistent instructions, and (3) the court improperly instructed the jury on the duty to warn under the provisions of General Statutes § 52-572q. The defendants claim that the general verdict rule precludes our review of the plaintiffs' claims. We conclude that the defendants are correct, and therefore affirm the judgment for the defendants.

To determine whether the general verdict rule applies, we must begin by examining the complaint and the answers, including the special defenses of the defendants, and the specific claims made by the plaintiffs regarding confusion and inconsistencies in the court's charge to the jury and by reviewing the applicable evidence presented to the jury.

The plaintiffs' amended complaint consisted of ten counts,[1] essentially involving three causes of action, a product liability claim against Utica Radiator Corporation (Utica) arising out of its manufacture of a gas fired boiler, a negligence claim against two employees of the city of Bridgeport, Joseph Savino and Guido Vagnini, for failure to inspect or to make reasonable efforts to inspect the installation of the boiler, and an indem-

---

[1] The plaintiffs originally sued Arthur Pavelo, doing business as Academy Plumbing and Heating, Utica Radiator Corporation, Joseph Savino, Guido Vagnini, the city of Bridgeport, Southern Connecticut Gas Company, and Ruud Water Heater Division of Rheem Manufacturing Company. The plaintiff Jan Gajewski also brought loss of consortium claims against Utica, Savino, Vagnini and the city of Bridgeport. The plaintiffs settled with the estate of Arthur Pavelo, Southern Connecticut Gas Company, and Ruud Water Heater Division of Rheem Manufacturing Company. We refer herein to Utica Radiator Corporation, Joseph Savino, Guido Vagnini and the city of Bridgeport as the defendants. Although Southern New England Gas Company was not a defendant during the trial as to the Gajewskis, it was a third party defendant as to Utica in an indemnification claim and in a contribution claim as a joint tortfeasor. In that capacity, Southern New England Gas Company actively participated in the trial. It, however, is not involved in this appeal.

nification claim against the city of Bridgeport pursuant
to General Statutes § 7-465. Utica denied that its gas
fired boiler filled the Gajewski residence with danger-
ous and toxic levels of carbon monoxide that allegedly
caused serious, painful and permanent injuries to the
plaintiffs. Utica also denied that it introduced its boilers
into the stream of commerce, that its products were
expected to reach consumers without substantial
change, and that one of its boilers had reached the plain-
tiffs' household without substantial change. Utica
denied that its boiler was a defective and unreasona-
bly dangerous product and also denied that it had failed
to provide proper instructions for installation, had failed
to warn the plaintiffs adequately of various dangers
arising from use of the boiler and had failed to design
a safe product. Further, Utica denied that the plain-
tiffs' injuries were proximately caused by its allegedly
defective gas boiler. Utica's answer also raised two spe-
cial defenses, one claiming that any injuries sustained
by the plaintiffs were caused by their own negligence
and carelessness, and the other claiming that the
amount of any verdict against Utica should be reduced
by any amounts paid or agreed to be paid by any
present or prior defendants to the action. Utica filed
a cross claim against the Southern Connecticut Gas
Company and the city of Bridgeport for indemnifica-
tion and filed a cross claim against all the codefend-
ants for contribution pursuant to General Statutes
§ 52-572o.[2] Southern Connecticut Gas Company denied
all cross claims by Utica.

The plaintiffs' negligence claim against the two city
employees was based on the failure to inspect, to make

[2] Although Utica's answer to the plaintiffs' complaint contained a cross
claim for contribution against "all defendants," the installer of the furnace,
Arthur Pavelo, doing business as Academy Plumbing and Heating, was not
specifically named as a defendant by Utica, although the other defendants
were so named.

provisions to inspect, to warn and to establish standards for inspection. The plaintiffs alleged that, as a result of the city employees' negligence and carelessness, the plaintiffs sustained their injuries. The individual defendants and the city denied all allegations of negligence and denied that any failure to act was the proximate cause of the plaintiffs' injuries. The individual defendants and the city of Bridgeport also raised four special defenses. The defenses claimed were sovereign immunity, contributory negligence, immunity provided by General Statutes § 52-557n, and that any verdict against them should be reduced by any amounts paid by Southern Connecticut Gas Company and Arthur Pavelo, the installer of the boiler. They also filed a counterclaim against Jan Gajewski for indemnification claiming that he was primarily liable for the plaintiffs' injuries because he failed to clean his chimney when advised to do so, replaced a door to the furnace room when advised not to do so and failed to respond to notices calling for inspection of the furnace.[3]

The jury heard evidence that in the fall of 1981 the plaintiffs had a gas fired boiler manufactured by Utica installed in their residence by Pavelo. The plaintiffs had previously used an oil fired boiler, which generated a buildup of soot in the chimney flue. At the time of installation, Pavelo, a licensed plumber, cleaned the chimney sufficiently to render the furnace operational. The plaintiffs were advised by Pavelo, prior to the installation of the boiler, of the necessity of having the chimney thoroughly cleaned but were never directly warned of the necessity by Utica.[4]

---

[3] Prior to trial, the plaintiffs made a motion to sever the cross claims and counterclaims. No action was taken on this motion. After both parties rested, the plaintiffs renewed their motion to sever and it was denied.

[4] The defendant Utica claims that its installation manual provided Pavelo with sufficient warning of the hazards of carbon monoxide poisoning arising from the failure to clean a chimney completely.

On January 9, 1982, Maria was found unconscious in her home. Her husband, Jan, and adult son, Janusz, were found semiconscious. They were diagnosed as having carbon monoxide poisoning. The poisonous gases resulted from a buildup of soot in the chimney flue. This buildup prevented proper ventilation of the boiler. At no time prior to January 9, 1982, was the installation of the boiler inspected by the employees of the city of Bridgeport or the gas company, although they had attempted to make appointments for inspection with the plaintiffs. Jan and Janusz substantially recovered from the poisoning. Maria suffered permanent total disability of her nervous system manifested as cognitive impairment and difficulty with speech, coordination and gait. She also experiences bouts of depression due to her condition.

Prior to jury deliberation, all parties had agreed that verdict forms and interrogatories were necessary in this case because of its complex nature, and had essentially agreed as to their wording and content. The parties, however, had not finished preparing their interrogatories and verdict forms when the court began its charge to the jury during the late morning of November 27, 1991. The court stated in its charge that it anticipated that there would be interrogatories and verdict forms by the time afternoon deliberations began. Deliberations were over, however, later that same afternoon before the interrogatories or verdict forms were available. No objection was made by the plaintiffs or the defendants to the court's allowing the jury to deliberate without them. The jury returned a handwritten verdict that read: "We, the jury, based upon the evidence presented to us, unanimously agree that all claims against the defendants: The Utica Radiator Corp., The City of Bridgeport et al., and Southern New England Gas Co. are inconclusive. We, therefore, find them not liable for the injuries sustained

in the suit brought by the Gajewski family." The trial court accepted the verdict and rendered judgment "in favor of Utica Radiator Corporation, the city of Bridgeport, Joseph Savino, Guido Vagnini, and Southern Connecticut Gas Company, and that the plaintiffs recover no damages of said defendants."

On appeal, the claims raised by the plaintiffs concern only the propriety of the jury instructions and not the court's action in allowing the jury to deliberate in such a complex and intricate case without the aid of interrogatories and verdict forms. The plaintiffs did not take an exception to the trial court's allowing the jury to deliberate without verdict forms or interrogatories, nor was a continuance sought pending their availability, nor did they raise this issue in their motion to set aside the verdict.[5]

The essence of the three claims raised by the plaintiffs on appeal concerns the propriety of the jury instructions as to the defendants Utica, the city of Bridgeport and the city's employees. The plaintiffs claim that the jury instructions were so contradictory and inconsistent that the jury was left to decide not only the facts of the case but what law to apply. It is

[5] It is standard practice for a jury to be given at least one verdict form when it begins to deliberate. In the rare situation, however, where a jury has not had the benefit of a verdict form and has returned a handwritten verdict, the verdict has been found to be sufficient if the verdict is intelligible. *Brown* v. *Hart,* 91 Conn. 667, 673, 100 A. 1065 (1917). A verdict is intelligible if it clearly manifests the intent of the jury. *Champagne* v. *Raybestos-Manhattan, Inc.,* 212 Conn. 509, 567, 562 A.2d 1100 (1989); *Kilduff* v. *Kalinowski,* 136 Conn. 405, 409, 71 A.2d 593 (1950). The phrase "all claims against the defendants . . . are inconclusive" is the equivalent of stating that the plaintiffs did not meet their burden of proof. The plaintiffs, in their brief, claim that the fact that the verdict was in favor of Southern Connecticut Gas Company, which was not a defendant, indicates the jury's confusion. The failure of the plaintiffs to object at trial to the form of the verdict precludes this court from reviewing that claim on appeal. *Intelisano* v. *Greenwell,* 155 Conn. 436, 450, 232 A.2d 490 (1967); *Towhill* v. *Kane,* 147 Conn. 191, 193, 158 A.2d 251 (1960).

important to note the precise errors in the jury charge claimed by the plaintiffs and to note the portion of the charge as to which no claim of error is made, because both relate to the application of the general verdict rule.

The plaintiffs claim that the jury charge was contradictory as to two aspects of the product liability case, namely, the standard required by General Statutes § 52-572q—failure to warn—and to whom the duty to warn is owed. The plaintiffs claim that the court first instructed on the statutory definition of duty to warn and then instructed on a "reasonableness" standard of a duty to warn. They also claim that the court initially charged that Utica's duty to warn was owed to the plaintiffs, and later charged that the duty to warn was owed to Pavelo, the plumber who installed the boiler. The plaintiffs also claim that the court improperly instructed the jury about the knowledgeable user doctrine in product liability actions when it was not applicable in this case. The plaintiffs further claim that the jury was confused by the court's instruction on contributory negligence as it applied to the product liability claim as opposed to the municipal negligence claim.

In the plaintiffs' appeal against Savino and Vagnini, the plaintiffs claim that the court gave inconsistent and confusing instructions on the law pertaining to the liability of municipal employees. Specifically, the plaintiffs contend that the charge conflicted as to the order in which the jury was to consider the issues of negligence and municipal immunity, the purpose of the Building Officials and Code Administrators Basic Building Code, and as to whether the standard for determining if a city official is immune in the performance of a discretionary act involving identifiable persons is objective or subjective.

The defendants claim that, because the case was submitted to the jury without interrogatories, the general

verdict rule applies and, therefore, the judgment of the trial court should be affirmed. "The so-called general verdict rule provides that, if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. *Stone* v. *Bastarache,* 188 Conn. 201, 204, 449 A.2d 142 (1982); *Colucci* v. *Pinette,* 185 Conn. 483, 489, 441 A.2d 574 (1981). The rule applies whenever a verdict for one party could reasonably be rendered on one or more distinct causes of action; see *Matthews* v. *F.M.C. Corporation,* 190 Conn. 700, 706, 462 A.2d 376 (1983); or distinct defenses. See *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.,* 151 Conn. 463, 466, 199 A.2d 698 (1964). A party desiring to avoid the effects of the general verdict rule may elicit the specific grounds for the verdict by submitting interrogatories to the jury. Alternatively, if the action is in separate counts, a party may seek separate verdicts on each of the counts. *Ziman* v. *Whitley,* 110 Conn. 108, 113–15, 147 A. 370 (1929)." *Finley* v. *Aetna Life & Casualty Co.,* 202 Conn. 190, 202–203, 520 A.2d 208 (1987); *Curry* v. *Burns,* 225 Conn. 782, 786, 626 A.2d 719 (1993).

In this case, the failure of the plaintiffs to object to jury deliberation without interrogatories is the functional equivalent of a failure to request interrogatories. The plaintiffs do not make any claim that the general verdict rule cannot apply because they requested interrogatories that the court failed to submit.

The general verdict rule may no longer be applied to denials of discrete elements of a single cause of action. *Curry* v. *Burns,* supra. Here, the defendants denied all of the salient elements of the plaintiffs' single cause of action against Utica, and of the plaintiffs' single cause of action against the city of Bridgeport and the two employees of the city. The plaintiffs do not claim any error in the court's charge on proximate

cause, which is one element of their causes of action for a product liability claim and for negligence. *Doe* v. *Manheimer,* 212 Conn. 748, 755, 563 A.2d 699 (1989); *Sharp* v. *Wyatt,* 31 Conn. App. 824, 837–40, 627 A.2d 1347 (1993). Thus, under *Curry,* the denial by the defendants that any act or failure to act of theirs proximately caused the plaintiffs' injuries would not by itself trigger the application of the general verdict rule. In this case, however, there were denials by the defendants as well as special defenses raised by the defendants, which does allow application of the general verdict rule.

The general verdict rule is applied in five instances. It is limited to situations where there are (1) separate counts of a complaint against one defendant, (2) denials of separate defenses pleaded as separate defenses, (3) denials of separate theories of recovery or defenses pleaded in one count or defense, (4) denials of a complaint and a pleading of a special defense, and (5) denial of a specific defense raised under a general denial that was asserted during the case but that should have been specially pleaded. *Curry* v. *Burns,* supra, 801.

In this case, Utica, the city of Bridgeport and the two city employees denied the plaintiffs' cause of action against each of them and pleaded special defenses. Thus, this is a situation in which the general verdict rule has application. When the rule applies, a general verdict must stand if a jury could have found for a party on any one of the material issues it had to decide. *Hanlon* v. *Stettbacher,* 13 Conn. App. 571, 573, 538 A.2d 705 (1988). The defendants' denial of the essential elements of the plaintiffs' complaint, including a denial of being the proximate cause of the plaintiffs' injuries, and the defendants' special defenses constitute separate and distinct defenses. The fourth situation, as expressed in *Curry,* to which the general verdict rule applies, therefore, is present.

In this case, the jury could have found for the defendants because it either concluded that no one of the defendants was the proximate cause of the plaintiffs' injuries or that the plaintiffs were contributorily negligent in excess of 50 percent in the actions grounded in negligence or that the comparative responsibility provisions of General Statutes § 52-572o were inapplicable because the plaintiffs were totally responsible for their injuries. The plaintiffs do not claim that the charge on proximate cause was misleading, confusing or inconsistent. The general verdict, therefore, for each of the defendants will not be disturbed, and other claims of error relating to the charge need not be reviewed.[6] *Staudinger* v. *Barrett,* 208 Conn. 94, 544 A.2d 164 (1988); *LaFleur* v. *Farmington River Power Co.,* 187 Conn. 339, 445 A.2d 924 (1982); *Hally* v. *Hospital of St. Raphael,* 162 Conn. 352, 294 A.2d 305 (1972); *Pollack* v. *Howe,* 145 Conn. 423, 143 A.2d 648 (1958).

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] Even if we reached the question of whether the charge on contributory negligence or comparative negligence was confusing, we would conclude that it was not. The court properly instructed the jury that contributory negligence would bar the negligence case against the municipal employees if the plaintiffs' negligence was greater than the combined negligence of the employees. The court also properly instructed that in a product liability action comparative responsibility by the plaintiffs would not bar the action, but would serve only to diminish the amount of damages proportionately. The court further explained this concept by giving illustrative percentages.