MILDRED ANDREU

*vs.*

EDWARD F. WELLMAN

ALBERT W. DOSTIE

*vs.*

EDWARD F. WELLMAN

Androscoggin.    Opinion, February 7, 1949.

*Benjamin L. Berman,*
*David W. Berman,* for plaintiff.

*William B. Mahoney,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, MERRILL, JJ.

THAXTER, J.    There are before us here two actions to recover for personal injuries growing out of the same alleged

negligence. By stipulation they were tried together. At the close of the plaintiffs' cases, the defendant rested and moved for a directed verdict in each. The cases are before us on exceptions to the granting of such motions. Exceptions to the exclusion of certain evidence were waived in argument.

The defendant was the owner of a 1936 Buick automobile. On August 26, 1944, he drove this car into the garage of the Lewiston Battery Service Company, the business of which was the selling and servicing of batteries. He had with him his grandson, a bright child five years old, who had been living with the defendant while the boy's father was in the service. The entrance to the garage was by a ramp leading from the sidewalk. The defendant stopped the car on the level floor of the garage, got out on the left side and the little boy on the right. Both doors which swung to the front were left open. Dostie, the plaintiff in one action, who was an employee of the Battery Service Company, proceeded to inspect the battery, which was under the front cushion on the right-hand side. He put his tools on the right running board, and tilted the cushion upwards toward the rear of the car. When his work was done he replaced the cushion and was picking up his tools when suddenly the motor started and the car moved backward toward the door of the garage with the little child in it. The open door on the right caught Dostie and threw him to the floor. He was severely injured. The automobile went through the door down the ramp and into the street where it hit a taxicab in which the other plaintiff, Mildred Andreu, was a passenger. She, too, was injured.

The evidence does not indicate how the defendant left the automobile, whether it was in gear or out, and whether the brakes were on or off. To start the motor it was only necessary to push the switch lever upward which was on the steering post under the steering wheel, and push hard on the accelerator pedal. On this type of car there was no

separate starting button or pedal. Dostie claims that he did not touch the gear shift or the switch lever and that the cushion when he lifted it up and replaced it did not touch either; but the possibility of either or both of these things having happened without his knowledge is not ruled out. The truth of the matter is we do not know what happened except that the child was in the car on the left side when it happened. If it was in gear, it could have started by the child throwing the switch lever and pushing down hard on the accelerator pedal. If it was not in gear, the little boy would in addition have had to have manipulated the gear shift.

The theory of the plaintiffs is that the car could easily have been started by the child and that it was the defendant's duty to have anticipated that the little boy might enter the automobile and start it, and that the defendant should have guarded against this mischance by locking the starting mechanism and by keeping a close watch on his grandson. Apparently the plaintiffs' claim is that the boy got into the car on the left side, threw the switch, put the car into gear, and stepped on the accelerator; for there is no evidence that at that time anyone else performed any of these operations. Furthermore, all this took place while Dostie was standing right there close to the open door and inside of it.

It is true, as stated by counsel for the plaintiffs, that a verdict should not have been ordered, if, giving to the plaintiffs the most favorable view of the facts and of every justifiable inference to be drawn from them, different conclusions as to the defendant's negligence could fairly have been drawn by different minds. *Haskell* v. *Herbert,* 142 Me. 133; 48 A. (2nd) 637; *Howe* v. *Houde,* 137 Me. 119; 15 A. (2nd) 740.

The case of *Hatch* v. *Globe Laundry,* 132 Me. 379; 171 A. 387, is called to our attention by the plaintiffs. The facts in that case are very different from the facts here but the principle of law there enunciated applies. The issue was

whether the defendant should have foreseen and guarded against the acts of children in starting a car left standing on a public street. In holding that under the particular facts this was a question for the trier of the facts, we applied the doctrine laid down by Judge Cardozo in *Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339; 162 N. E. 99, 101; 59 A. L. R. 1253, was what happened within "the range of reasonable apprehension." To apply that language to this case, the question is, was the defendant bound to foresee that his grandson might enter that car and do what he did, or what it is claimed he did, and besides, that all this would happen so suddenly that Dostie, who was right there and presumably in charge of the car, would not even see him. When we say that such an occurrence or series of occurrences seem to us well-nigh incredible, we have answered the question as to Mr. Wellman's negligence.

The granting of the motions for directed verdicts in these cases was correct.

*Exceptions overruled.*