Eva **JOHNSON** et al.

v.

Ernest J. **DUBOIS** et al.

Supreme Judicial Court of Maine.

Sept. 17, 1969.

William Cohen, and Edward M. Robinson, Lewiston, for plaintiffs.

Mahoney, Desmond, Robinson & Mahoney, Lawrence P. Mahoney, Portland, for defendants.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE and WEATHERBEE, JJ.

WEBBER, Justice.

Three women, plaintiffs here, were passengers in a taxicab owned by defendant Johnson and operated by his agent, defendant Tuttle. This vehicle was struck from the rear by an automobile operated by defendant Dubois. The jury responded to certain questions propounded in special verdict form as follows:

"Question #1: Do you find the defendant Herbert M. Tuttle negligent in the operation of the taxicab at the time of the accident?

Answer: Yes.

Question #2: Did the negligent operation of the taxicab by Herbert M. Tuttle contribute to the injury of the plaintiffs?

Answer: No.

Question #3: Do you find the defendant Ernest J. Dubois negligent in the operation of his automobile at the time of the accident?

Answer: Yes.

Question #4: Did the negligent operation of the automobile by Ernest J. Dubois contribute to the injury of the plaintiffs?

Answer: Yes."

The jury then assessed the damages to be awarded each plaintiff as against defendant Dubois.

On appeal plaintiffs seek in effect to set aside the jury's answer to Question #2 on the theory that if Tuttle was guilty of negligence, that negligence must have contributed to plaintiffs' injuries. This contention disregards elementary principals with respect to proximate causation. We view the evidence in the light most favorable to defendants Tuttle and Johnson, the jury having resolved the conflicts of testimony on this issue in their favor.

The jury could find on the basis of credible evidence that Tuttle stopped his vehicle at a stop light; that when this light turned green he started ahead and proceeded rapidly until he approached the rear vehicle stopped in a line of motionless traffic; that he then applied his brakes vigorously and brought his vehicle to an abrupt stop a foot or more back of the stationary vehicle ahead of him; that the plaintiff passengers were in no way injured by this abrupt stop; that the taxicab remained in this stopped position for an appreciable interval, estimated by one witness as about 45 seconds; that it was then struck violently from the rear by the automobile then negligently driven by the defendant Dubois and by the force of this blow pushed ahead into the rear of the vehicle then stopped in front of the taxicab; that plaintiff passengers were as a result of these two successive impacts thrown violently first backward and then forward and thereby suffered personal injuries.

■ Plaintiffs tend to disregard the fact that the jury could properly determine what portions of the testimony of the several witnesses they deemed credible and trustworthy and what portions they should disregard as unconvincing or motivated by a natural interest in the outcome of the case. When conflicting evidence will support either of two versions of a factual occurrence, it is for the jury to determine which version accords with the truth.

■ It is axiomatic that proof of defendant's negligence will not suffice to establish liability unless that negligence is also shown to have been the efficient proximate cause of the injury suffered by plaintiff. The rule was clearly stated in Michalka v. Great Northern Paper Co. (1955) 151 Me. 98, 105, 116 A.2d 139, 143 as follows:

"The burden is upon the plaintiff to prove that the injury suffered by the plaintiff was the proximate result of acts by the defendant. It is a fundamental principle of law that in order to maintain an action for negligence, the injury of which the plaintiff complains must have been natural probable consequences of the wrongful act. The proximate cause of an injury is that cause which, in natural and continuous sequence, *unbroken by an efficient intervening cause, produces the injury, and without which the result would not have occurred. The question of proximate cause is ordinarily for the jury,* * * *" (Emphasis ours).

■ The jury obviously concluded that, although the manner in which defendant Tuttle brought his taxicab to an abrupt halt behind the last of a line of motor vehicles stopped in a traffic pattern did not accord with that high degree of care and caution required of a common carrier, his negligence in that respect had ceased with no resultant injury to plaintiffs. The jury may well have drawn upon their own experience and been well aware that many sudden and abrupt stops in traffic produce no more serious results than momentary jolting and alarm. The jury was compelled to recognize that the operator had no choice under the circumstances and was obliged by the presence of stationary vehicles in his path to bring the taxicab to a

halt without making contact with the car in front of him. Even if he had been aware of the automobile approaching in his rear without slackening speed or preparing to stop, he had no opportunity because of the traffic pattern to take evasive action. The jury could properly conclude that because of the reckless inattention of the defendant Dubois, the accident would have occurred and the plaintiffs would have received the injuries they suffered as a result thereof whether defendant Tuttle had brought the taxicab to a gradual stop or stopped abruptly as he did. In short, the jury could and did conclude that the negligence of defendant Dubois was the sole intervening proximate cause of the plaintiffs' injuries.

▮ In 38 Am.Jur. 724, Sec. 68 the rule pertaining to a "new, independent and sufficient cause" was well stated in these terms:

"A person's negligence is not the proximate cause of an injury which results, not from the concurrence of his negligence, as an active and efficient cause, with another cause in producing the injury, *but from the intervention of a new and independent cause, which is neither anticipated nor reasonably foreseeable by the person*, is not a consequence of his negligence, is not controlled by him, operates independently of his negligence, and is the efficient cause of the injury in the sense that the injury would not occur in its absence. *The intervention of the new, independent, and efficient cause severs whatever connection there may be between the person's negligence and the injury.* As has been aptly said, 'The intervener acts as a nonconductor and insulates the negligence.' So affected, the person's negligence is not actionable; it is the remote, and the independent intervening cause is the proximate cause of the injury. These principles are clearly applicable when the intervening cause is the act of a third person."

The jury was entitled to take into account the fact that the accident occurred in daylight hours and the presence of vehicles stopped in a line of traffic and thus requiring that all other vehicles approaching from the rear be brought to a stop was or should have been as obvious and apparent to defendant Dubois as to defendant Tuttle. Tuttle was not required to anticipate that Dubois would fail to observe the condition of traffic ahead or that he would fail to stop his car before it struck the rear of the Tuttle vehicle.

We conclude that the verdict of the jury accords both with the applicable law of intervening proximate cause and with those portions of the evidence which the jury deemed trustworthy and convincing.

Appeal denied.

TAPLEY, J., sat at argument but retired before the opinion was adopted.