STATE OF MAINE                                    SUPERIOR COURT
YORK, ss.                                          DOCKET NO. CV-16-0069

```
                                )
EDWARD A. JOHNSTON               )
                                )
    and                          )
                                )
KATHERINE JOHNSTON               )
                                )
        Plaintiffs,              )
                                )
    v.                           )
                                )          ORDER
FELIX YOUNG                      )
                                )
    and                          )
                                )
NATHANIEL YOUNG                  )
                                )
    and                          )
                                )
FELIX YOUNG, JR.                 )
                                )
        Defendants.              )
```

## I.    Background

### A.  Procedural History

This case involves a firefighter who was injured in the course of putting out a fire at defendants' residence. Plaintiffs Edward Alan Johnston and Katherine Johnston (the "Plaintiffs") initiated the present complaint, alleging negligence and gross negligence as well as loss of consortium against defendants Felix Young, Felix Young, Jr., and Nathaniel Young (the "Defendants"). Defendants now move for summary judgment.

### B.  Facts

Until the fire at issue in the present case, Defendants owned and resided at the residential property located at 119 Pepperell Road in Kittery, Maine. (D.S.M.F. ¶¶ 1-2.) The residence was

1

kept in a state of disrepair and lacked both electrical and water services. (P.S.M.F. ¶ 2.) Defendants' hoarding activities also made the house over-crowded with flammable and unsanitary materials. (P.S.M.F. ¶ 3.)

On June 1, 2015, Nathaniel Young decided to light a cigarette in the dark. (P.S.M.F. ¶ 12.) Nathaniel either left the cigarette burning or mishandled it, leading it to start a fire in the residence. (P.S.M.F. ¶ 12.) Nathaniel Young stated in his deposition that he had previously started fires in the same manner, but was able to control the blazes in the past. (P.S.M.F. ¶ 13.) On this instance, however, the fire spread and Defendants called the Kittery Fire Department for fire rescue. (P.S.M.F. ¶ 14.)

Due to the size of the fire, it was designated a Multiple Alarm Fire. (P.S.M.F. ¶ 18.) The Kittery Fire Department arrived at the residence accompanied by four other fire departments. (P.S.M.F. ¶ 19.) Plaintiffs assert the size of the fire and the amount of noise and smoke caused significant a significant inability to effectively communicate between the firemen at the scene. (P.S.M.F. ¶ 20.) Tise difficult communication led to the accident involving plaintiff Edward Alan Johnston. (P.S.M.F. ¶ 23.) Johnston was on the ladder of a ladder truck in order to ventilate the upper floors of the house by knocking out windows. (D.S.M.F. ¶ 9.) While attempting to move to a different floor of the house, the noise and confusion at the scene caused the ladder operator to mistakenly retract the ladder instead of extending it, resulting in Johnston's toes' being crushed in a rung of the ladder. (Johnston. Aff. ¶ 12.)

## II. Discussion

### A. Summary Judgment Standard

"Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Dussault v. RRE Coach*

2

*Lantern Holdings, LLC*, 2014 ME 8, ¶ 12, 86 A.3d 52. "A fact is material if it has the potential to affect the outcome of the suit, and a genuine issue of material fact exists when a fact-finder must choose between competing versions of the truth, even if one party's version appears more credible or persuasive." *Angell v. Hallee*, 2014 ME 72, ¶ 17, 92 A.3d 1154 (quotation marks omitted). A party opposing summary judgment must "come forward with affidavits or other materials setting forth by competent proof specific facts that would be admissible in evidence to show . . . that a genuine issue of fact exists." *Bangor & A. R. Co. v. Daigle*, 607 A.2d 533, 535-36 (Me. 1992). "Evidence of factual elements offered to prove a claimed tort . . . need not be persuasive at [the summary judgment] stage, but the evidence must be sufficient to allow a fact-finder to make a factual determination without speculating." *Estate of Smith v. Cumberland Cnty.*, 2013 ME 13, ¶ 19, 60 A.3d 759. To survive a defendant's motion for summary judgment on a negligence claim, a plaintiff must, "establish a prima facie case for each element of the cause of action." *Mastriano v. Blyer*, 2001 ME 134, ¶ 11, 779 A.2d 951.

### B. Negligence

The elements of a negligence action include: duty, breach, causation, and damages. *Id.* The Law Court has characterized these four elements as, "a duty owed, breach of that duty, and an injury to the plaintiff that is proximately caused by a breach of that duty." *Stanton v. Univ. of Maine Sys.*, 2001 ME 96, P 7, 773 A.2d 1045, 1049.

In an apparent attempt to force the court to disallow evidence of the state of their residence before the fire as irrelevant, Defendants assert that they are willing to stipulate for the purposes of summary judgment that they "negligently" caused the fire. (Def.'s Repl. in Supp. of Def.'s Mot. Summ. J. 1.). They are also willing to so stipulate formally at trial. *Id.*, n. 1. This is most likely intended to admit only the breach element of negligence, not the entire claim. Thus, breach will be

deemed established for the purpose of summary judgment. The admissibility of this evidence will be further discussed when appropriate.

In their instant motion for summary judgment, Defendants specifically argue that they did not owe a duty to Johnston and, even if they did, that their actions did not proximately cause Johnston's injuries. They also direct this Court to apply the Fireman's Rule to bar any recovery Plaintiffs may receive. These challenges are addressed in turn below.

### i. Duty

A duty is defined as "an obligation, to which the law will give recognition and effect, to conform to a particular manner of conduct toward another." *Budzko v. One City Ctr. Assocs. Ltd. P'ship*, 2001 ME 37, ¶ 10, 767 A.2d 310, 313 (quoting *Quadrino v. Bar Harbor Banking & Trust Ca.*, 588 A.2d 303, 304 (Me. 1991)). Whether one party owes a duty of care to another presents a question of law that the Court must decide. *Id.*

At common-law, whether one owes a duty is an issue of the existence of a "probability or foreseeability of injury to the plaintiff. The risk reasonably to be perceived within the range of apprehension delineates the duty to be performed and the scope thereof." *Brewer v. Roosevelt Motor Lodge*, 295 A.2d 647, 651 (Me. 1972) (citing *Connolly v. Nicollet Hotel*, 1959, 254 Minn. 373, 95 N.W.2d 657, 74 A.L.R.2d 1227; *Palsgraf v. Long Island R. Co.*, 1928, 248 N.Y. 339, 344, 162 N.E. 99, 100, 59 A.L.R. 1253). As articulated by the Law Court, "[I]f a reasonably prudent and careful person should have anticipated under all the existing circumstances that a person in the situation of the plaintiff would probably be injured as a proximate result of the negligent conduct of the defendant, then such risk of injury reasonably to be apprehended raises the legal duty to proceed in the exercise of reasonable care commensurate with the danger of injury in order to avoid the same." *Quinn v. Moore*, 292 A.2d 846, 850 (Me. 1972).

Generally, rescuers who are injured while assisting another placed at-risk due to a defendant's negligent conduct may be foreseeable plaintiffs to whom the defendant owes a duty. For example, in *Hatch v. Globe Laundry Co.*, 132 Me. 379, 171 A. 387 (1934), defendant company's agent left a truck unattended on a slope with children present and the wheels turned outwards from the curb. *Id.* at 380. When the children entered the truck, the truck began to roll down the hill. *Id.* at 381. The plaintiff bystander attempted to stop the vehicle before it entered an intersection and was injured as a result. *Id.* The Law Court found the rescuer to be a foreseeable plaintiff despite the willful or negligent acts of the children, stating, "It would be a distinct reproach to the law to hold that one must act at his peril, who risks his own safety to protect those put in jeopardy by the negligence of a third person. The overwhelming weight of authority is that one attempting to rescue another under such circumstances is not, by exposing himself to imminent danger, to be held negligent unless his conduct is to be regarded as rash or reckless." *Id.* at 388 (citations omitted). The Law Court further clarified, "the contributory negligence of the person injured does not preclude recovery by the person attempting the rescue." *Id.* Succinctly, as long as the rescuer is foreseeable, a defendant will owe the rescuer a duty of care, even in the face of contributory negligence of a third person.

In the case at hand, it was foreseeable that firefighters would be called to defendants' residence in order to put out a fire. The apparent condition of the house would lead a reasonable person to believe that a fire could easily erupt and fire rescue would be called to the scene. Nathaniel Young even admitted in deposition testimony to setting fires in the past by similar actions. Consequently, Plaintiffs have pleaded a prima facie case for the duty element of negligence.

### ii. Causation

5

Next, Defendants argue that even if they owed a duty to Johnston, their actions did not proximately cause his injuries. The Law Court has defined proximate cause as "that cause which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury and without which the result would not have occurred," *Wing v. Morse,* 300 A.2d 491, 495 (Me. 1973) (quoting *Johnson v. Dubois,* 256 A.2d 733, 734 (Me. 1969)). The mere occurrence of an intervening cause, however, does not automatically break the chain of causation. *Ames v. Dipietro-Kay Corp.,* 617 A.2d 559, 561 (Me. 1992). Only superseding causes, or those causes that are neither anticipated nor reasonably foreseeable, break the chain. *Id.* (citing *Johnson v. Dubois,* 256 A.2d 733, 735 (Me. 1969)).

Defendants claim that Johnston's injury was not reasonably foreseeable as a matter of law due to the intervening cause of the other fireman's raising of the ladder without checking to see if Johnston was in a safe position. However, issues of foreseeability in relation to proximate causation are generally questions of fact for the jury to decide. *Perron v. Peterson,* 593 A.2d 1057, 1058 (Me. 1991); *Schultz v. Gould Academy,* 332 A.2d 368, 370 (Me. 1975). Moreover, "each case must turn on its own facts and the jury as triers of the facts must apply its ordinary human experience to the facts revealed by the evidence." *Jackson v. Frederick's Motor Inn,* 418 A.2d 168, 174 (Me. 1980).

The fact that a defendant could not have foreseen the specific injury that occurred does not relieve him of liability if some harm was reasonably foreseeable under the circumstances. *Schultz,* 332 A.2d 368, 370 (citing *Quinn v. Moore,* 292 A.2d 846 (Me. 1972)). As with the duty element, a willful or negligent act of a third party also contributed to the harm will not break the chain of causality if it was reasonably foreseeable. *Hawkins v. Maine & New Hampshire Theaters Co.,* 132 Me. 1, 4, 164 A. 628, 629 (1933).

6

Here, it is not unforeseeable as a matter of law that a firefighter would be injured in the course of a fire rescue. It does not matter that the injury may have resulted from a possible negligent act of another fireman, as Defendants allege, because this error was also not unforeseeable as a matter of law. Consequently, plaintiffs have sufficiently pleaded a prima facie case of causation.

### iii. Fireman's Rule

Finally, Defendants urge this Court to apply the Fireman's Rule to bar plaintiffs' recovery. The Law Court has never recognized the existence of a Fireman's Rule in Maine. In states that have recognized it, the Rule, "provides that neither a firefighter nor a police officer can recover in tort when that person's injuries are caused by the same conduct that required the person's official presence." *Foster v. Atwood*, No. CV-93-38, 1995 Me. Super. LEXIS 192, *3 (May 24, 1995), (citing *England v. Tasker*, 129 N.H. 467, 529 A.2d 938, 939 (N.H. 1987)).

In addition to never being recognized by the Law Court, the Superior Court has rejected the Rule on multiple occasions. In both *Holmes v. Adams Marine Ctr.*, No. CV-99-239, 2000 Me. Super. LEXIS 162 (July 17, 2000) and *Foster v. Atwood*, No. CV-93-38, 1995 Me. Super. LEXIS 192 (May 25, 1995), the Superior Court found that applying the Rule was improper. The Court in *Holmes* noted that the rationale for the Rule had lost validity over time and was no longer appropriate.[1] Further, the Court noted that courts and legislatures alike have weakened or abolished

---

[1] *Holmes*, 2000 Me. Super. LEXIS 162, *7-8 (The Court found that the difference in the duty owed to a licensee and invitee, a traditional basis for the Rule, had been abandoned in Maine. They also dismissed the theory that because "taxpayers pay firefighters' salaries and spread the risk of their injury throughout the community by funding workers' compensation and fringe benefits, those firefighters should not be able to sue the taxpayers for their negligence." The Court also found that the defense of assumption of the risk was no longer a recognized defense. Finally, the Court rejected the proposition that the Rule was necessary to make taxpayers less reluctant to call for assistance for fear that the taxpayer could be sued for negligence if the responder were injured, citing a treatise that calls the argument "preposterous rubbish." (citing W. Page Keeton, et al., *Prosser and Keeton on the Law of Torts* § 61 at 431 (5th ed. 1984))).

the Rule since its adoption. *Id.* at \*7. Finally, the Court stated that imposition of such the Fireman's Rule should be left to the legislature. *Id.*, at \*7-8 (citing *Hopkins v. Medeiros*, 48 Mass. App. Ct. 600, 724 N.E.2d 336, 345 (2000) ("Absent explicit statutory language", courts should not abrogate the common law right to sue for negligence); *Labrie v. Pace Membership Warehouse, Inc.*, 678 A.2d 867, 868 (R.I. 1996); *Walters v. Sloan*, 20 Cal. 3d 199, 201, 142 Cal. Rptr. 152, 153, 571 P.2d 609, 610 (1977) (Tobriner, J., dissenting) ("[C]ourts should be hesitant to cut holes in the carefully woven fabric of the requirement of due care, and to deny certain selected classifications that protection")).

Additionally, the *Foster* Court found that, even in states where the Rule applied, it is subject to exceptions "based on public policy consideration[s] at least as strong as those supporting the rule itself." 1995 Me. Super. LEXIS 192, at \*8. As Plaintiffs note, one such exception to the Rule is where a defendant acts willfully or recklessly, as may be apparent in this case. However, since the Rule does not apply, it is not necessary to address any exceptions that may have arisen.

Because the Fireman's Rule has never been recognized in Maine and its policy basis no longer justifies its imposition, this Court refuses to apply the Rule here.

### iv. Injury

Plaintiffs have successfully shown a prima facie case for injury. Johnston's feet were caught in the rungs of the ladder, resulting in fractures. Defendants further do not argue that plaintiff has not suffered an injury.

### III. Conclusion

For the reasons set forth above, the Defendants are not entitled to summary judgment on Plaintiffs' claims.

8

The clerk shall make the following entry on the docket:

Defendants' motion for summary judgment is hereby DENIED.

SO ORDERED.

DATE: *October 3,* 2017

_____
John O'Neil, Jr.
Justice, Superior Court

ENTERED ON THE DOCKET ON: 10/3/17

9

ALFSC-CV-16-69

ATTORNEY FOR PLAINTIFFS:

CHRISTOPHER GRANT, ESQ.
BOYNTON WALDRON DOLEAC WOODMAN SCOTT PA
82 COURT STREET
PORTSMOUTH  NH  03801

ATTORNEY FOR DEFENDANTS:

L. JOHN TOPCHIK, ESQ.
JOSEPH BECHER, ESQ.
LAW OFFICES OF JOHN B. SCHULTE
511 CONGRESS ST., 8TH FLOOR
PORTLAND  ME  04112

ATTORNEY FOR PARTY-IN-INTEREST:

KELLY HOFFMAN, ESQ.
NORMAN HANSON & DETROY
PO BOX 4600
PORTLAND  ME  04112-4600