8 N.J. Super. 53 (1950)
73 A.2d 209
DANIEL LEVENSTEIN, PLAINTIFF-APPELLANT,
v.
GEORGE SQUIRES AND OTHERS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 1, 1950.
Decided May 12, 1950.
*54 Before Judges JACOBS, DONGES and BIGELOW.
Mr. David Cohn argued the cause for appellant.
Mr. Reynier J. Wortendyke, Jr., argued the cause for respondents George Squires and Dairy Distributors, Inc.
Mr. Charles C. Stalter argued the cause for respondent Philip Singer.
The opinion of the court was delivered by BIGELOW, J.A.D.
This action arose out of a motor truck accident that occurred on a two-lane highway, Route 23, in Sussex County. The defendants, Singer and Squires, were each driving northward; Squires, 75 or 100 feet behind the other. Singer slowed down, drove his truck on to the shoulder of the road, and stopped. Squires and the plaintiff Levenstein, who was driving south, met in a head-on collision. The jury returned a verdict for the defendants and Levenstein appeals, arguing that the trial judge erred in certain rulings and that the verdict was against the weight of the evidence.
*55 After Levenstein had peremptorily challenged six members of the jury panel, he attempted to challenge a seventh, but his challenge was overruled by the court. Our statute gives to each party in a civil action six peremptory challenges. R.S. 2:92-4. Where the interests of co-defendants are antagonistic one to the other, each of them is entitled to six challenges. Roberts v. Saunders, 118 N.J.L. 548 (E. & A. 1937). Plaintiff urges that since his opponents could have used 12 challenges between them and since he is practically carrying on two actions, one against each defendant, he should have been allowed 12 also. It has been held that where the plaintiff does bring two actions and they are consolidated for trial, he may have the same number of challenges as if the cases were tried separately. Connecticut Mutual Life Insurance Co. v. Hillmon, 107 F. 834; 46 C.C.A. 668 (1901); United Verde Copper Co. v. Jordan, 14 F.2d 299 (C.C.A. 1926). Whether that is the rule in New Jersey, we do not attempt to say. At any rate, it does not apply where, as here, the plaintiff elects to bring only one action against several defendants. In such case, he has only the challenges permitted by the statute to a party, six. Mourison v. Hansen, 128 Conn. 62, 20 A.2d 84 (Conn. 1941). And see 50 C.J.S., Juries, § 281.
Plaintiff next argues that the court erred upon the cross-examination of the defendant Singer. Singer had signed a written statement in which he said that Squires, immediately after the collision, told him not to leave the scene until the Trooper came to investigate the accident. Plaintiff's attorney asked Singer, "Do you remember saying that?" Objection by Singer's attorney was sustained and this is the alleged error. If we should assume in favor of plaintiff that the ruling was erroneous, still it would not be ground for reversal, since the question was asked a second time and answered by Singer, "I don't recall that." The written statement was received as an exhibit.
Plaintiff contends that the court erred in charging the jury regarding contributory negligence, by failing to instruct *56 them that an essential element of such negligence is its causal relation to the accident. The court charged: "A person, in this case the plaintiff driver, is charged with the exercise of ordinary care for his own safety. He must use due care to protect himself, and the law says that if he fails to exercise that care and it in any way contributes to the happening of the accident, there can be no recovery. Contributory negligence is what we call an affirmative defense. The plaintiff does not have to prove that he was not guilty of contributory negligence, but the burden is on the defendants to establish the defense of contributory negligence of the plaintiff." We do not perceive here the defect of which plaintiff complains, or any other error.
As to weight of the evidence, the defendant Squires testified that Singer slowed down and pulled completely off the concrete pavement; that Squires continued ahead in the right-hand lane; that plaintiff's truck, approaching from the opposite direction, "suddenly veered to the left in a crazy fashion. * * * He came directly in my path, and when I saw that there was no way of avoiding a collision, I immediately * * * brought my vehicle to an abrupt halt." There was no evidence contradicting this version of the accident, except the plaintiff's own testimony. The verdict in favor of the defendants was not against the weight of the evidence.
The judgment is affirmed.