217 N.J. Super. 548 (1987)
526 A.2d 293
JAMES GEORGE, GUARDIAN AD LITEM OF JAMES GEORGE, JR., AND JAMES GEORGE, INDIVIDUALLY, PLAINTIFFS,
v.
BERGEN PINES COUNTY HOSPITAL, "JANE" SOLVEYCHIK, M.D., (SAID FIRST NAME BEING FICTITIOUS AND PRESENTLY UNKNOWN), JOHN CALI, RUTHER FLOREZ, M. GOLIN, M.D., WARREN COZART, R.N., ETHEL AMAPANI, R.N., HUMANE RESTRAINT COMPANY, INC., CAPEHART MEDICAL CO., WILLIE HARRIS, JOSEPH DAVIS, JAMES GARY, JOEL RAUSCH, WILLIAM MUSE, LOLITA SAMPANGE, JOHN CONSOLE SURGICAL CO., INC., AND J.J. POSEY COMPANY, DEFENDANTS.
ANNETTE GEORGE, PLAINTIFF,
v.
BERGEN PINES COUNTY HOSPITAL, "JANE" SOLVEYCHIK, M.D., (SAID FIRST NAME BEING FICTITIOUS AND PRESENTLY UNKNOWN), JOHN CALI, RUTHER FLOREZ, M. GOLIN, M.D., WARREN COZART, R.N., ETHEL AMAPANI, R.N., HUMANE RESTRAINT COMPANY, INC., CAPEHART MEDICAL CO., WILLIE HARRIS, JOSEPH DAVIS, JAMES GARY, JOEL RAUSCH, WILLIAM MUSE, LOLITA SAMPANGE, JOHN CONSOLE SURGICAL CO., INC., AND J.J. POSEY COMPANY, DEFENDANTS.
Superior Court of New Jersey, Law Division  Bergen County.
Decided January 20, 1987.
*549 Charles Rodgers for plaintiffs (Breslin & Breslin, attorneys).
Milton Gurny for defendant Bergen Pines County Hospital (Hein, Smith & Berezin, attorneys).
Thomas Hallett for defendants Cali, Harris, Davis and Gary (Conway, Reiseman, Mattia & Sharp, attorneys).
Patrick M. Little for defendant Humane Restraint (Bright & Zirulnik, attorneys).
Robert D. Curran for defendant Florez (Vaccaro, Osborne, Curran & Murphy, attorneys).
*550 Roger G. Ellis for defendant Golin (Bumgardner, Hardin & Ellis, attorneys).
Robert Wright for defendant Amapani (Melli & Doyne, attorneys).
James F. Sullivan for defendant Capehart Medical Supply (Sullivan & Graber, attorneys).
Donald T. Okner for defendant John Console Surgical Co., Inc. (Dwyer, Connell & Lisbona, attorneys).
MINUSKIN, J.S.C.
The issue presented is the number of peremptory challenges to which plaintiff is entitled on voir dire examination.
Plaintiff James George instituted this action against eight defendants, each of whom has independent representation. In accordance with R. 1:8-3(c), these defendants will receive six peremptory challenges apiece, for a total of 48 challenges while plaintiff will receive only six challenges. Plaintiff requests additional peremptory challenges because of the fundamental unfairness resulting from the disparity in the number of challenges afforded plaintiff and the defendants. This court agrees.
Both N.J.S.A. 2A:78-7(a) and R. 1:8-3(c) provide that each party in a civil action is entitled to six peremptory challenges. Consistent with this, in situations in which the claims or interests of codefendants are antagonistic, each codefendant has been entitled to six challenges. Levenstein v. Squires, 8 N.J. Super. 53, 55 (App.Div. 1950); Roberts v. Saunders, 118 N.J.L. 548 (E. & A. 1937).
It is also true that normally when a plaintiff elects to bring only one action against several defendants, he is only entitled to the number of peremptory challenges permitted by statute  six. Levenstein, supra, 8 N.J. Super. at 55. Yet, there may be *551 instances in which blind adherence to that limitation would result in gross injustice. This is such a situation.
The right to peremptory challenges is an incident of the constitutionally protected trial by jury. Wright v. Bernstein, 23 N.J. 284, 293 (1957). The denial of the right to peremptory challenges is the denial of a substantial right, and, when not waived by conduct, such a denial is harmful and prejudicial per se. Id. at 295. There can be an effective denial of this substantial right when there is a gross imbalance in the number of challenges to which each party is entitled. Although there is no mathematical formula which can determine the point at which there is such a denial, it appears that there can be no meaningful assertion of the right of peremptory challenges when there is a disproportionate number of challenges between the parties.
In this case, plaintiff is entitled to only 1/8 of the total number of defendants' challenges. Plaintiff is thus placed at an extreme disadvantage in the rejection of prospective jurors. His right to have his case heard by an impartial panel is severely compromised because of his comparatively meager number of challenges.
For these reasons, this court believes that where a plaintiff sues multiple defendants, or where there are multiple plaintiffs and a single defendant, additional peremptory challenges should be awarded to the disadvantaged party. It is only by ameliorating situations in which the number of challenges between the parties is grossly disproportionate that a court may continue to jealously guard the fundamental right of trial by a fair and impartial jury. Wright, supra, 23 N.J. at 294. Therefore, under these circumstances, this court concludes that the court rules should be relaxed in accordance with R. 1:1-2 since adherence to R. 1:8-3(c) would result in an injustice. Accordingly, plaintiff in this action will therefore be permitted six additional peremptory challenges.