Kaplan, Mitchell H., J.
This case is before the court on the third-party defendant, James A. Peterson’s, motion for summary judgment. While the overall case involves a number of parties and claims, the issue raised by Peterson’s motion is quite narrow and rests upon a single question of law: Does G.L.c. 93, §70 create a duty on the part of counsel for a mortgagee bank to the mortgagor when the bank makes a loan to the mortgagor secured by a two-family dwelling in which the mortgagor resides and the attorney renders a certification of title to the mortgagor and to the mortgagee? For the reasons set forth below, the court finds that it does and, therefore, denies Peterson’s motion for summaiy judgment.
DISCUSSION
The facts relevant to the pending motion may be summarized briefly and are not in dispute. Banknorth[4] held a judgment against a number of parties, including Henry Babineau (“Henry”), the father of the defendant/third-party plaintiff, Guy Babineau. Banknorth obtained injunctive relief prohibiting Hemy from transferring any real estate in Massachusetts. On September 8, 2003, Henry, as Trustee of the Five Barton Street Salem Realty Trust (a nominee trust), conveyed legal title to a two-family residential property in Salem (the “Property”) to Guy and his wife Teresa (the “Babineaus”). Although the Babineaus lived in the Property, Banknorth alleges that Guy had a substantial beneficial interest in it. In this action, Banknorth, among other things, asserts that this transfer was fraudulent and seeks to satisfy its judgment against Guy through sale of the Property.
Peterson was the closing attorney for St. Joseph Credit Union which loaned funds to the Babineaus in connection with the September 8, 2003 transaction; the loan was secured by a first mortgage on the Property. As part of the closing, Peterson prepared a certification of title and provided it to both the Credit Union and the Babineaus. The certification did not reference the injunction prohibiting Guy from transferring his interest in the Properly.
In connection with the closing, the Babineaus acknowledged receipt of a form containing the following disclosure required by G.L.c. 184, §17B:
1. The responsibility of the attorney for the Mortgagee is to protect the interest of the Mortgagee.
2. The Mortgagor may, at his own expense, engage an attorney of his own selection to represent his own interests in the transaction.
The Babineaus also acknowledged receipt of a loan commitment letter from the Credit Union that included the following additional, relevant disclosures:
TITLE EXAMINATION: A title examination shall be completed by our attorney and such examination shall evidence title satisfactory for mortgage purposes. The attorney representing the Credit Union in this loan transaction is: James A. Peterson.
LEGAL FEES: The borrower shall pay all of the Credit Union’s costs incurred in connection with this loan, including legal expenses . . .
The Babineaus’ third-party complaint alleges that Peterson failed “to accurately certify title to the [Babineaus]” and “failed to perform his agreed obligation to [the Babineaus],” and asserts two claims against Peterson: breach of contract and negligence.
DISCUSSION
The standards for entry of summaiy judgment are well-known and need not be recited here. If Peterson owed a duly to the Babineaus, whether denominated as contractual, professional or by operation of statute, there exist disputed questions of fact as to whether he fulfilled that duty, or if he did not, whether his failure to do so caused injuiy to the Babineaus that may be recovered through a third-party action. Peterson’s motion turns on the question whether G.L.c. 93, §70 created such a duty.[5]
§70 has been amended several times over the past few decades. Prior to 1979, the first paragraph read, in relevant part, as follows:
Whenever, in connection with the granting of any loan or credit to be secured by a mortgage on real estate improved with a dwelling designed to be occupied by not more than four families and occupied or to be occupied in whole or in part by the *156 mortgagor, the mortgagor is required or agrees to pay or to be responsible for any fee or expense charged or incurred by any attorney acting for or on behalf of the mortgagee, the mortgagor or his attorney shall be given a copy of any certification of title to the mortgaged property rendered by the mortgagee’s attorney, and such certification shall be deemed to have been rendered for the benefit of the mortgagor to the same extent as it is for the mortgagee . . .
By St. 1979, c. 531, approved August 20, 1979, that paragraph was amended to read as follows:
Whenever, in connection with the granting of any loan or credit to be secured by a purchased money first mortgage on real estate improved with a dwelling designed to be occupied by not more than four families and occupied or to be occupied in whole or in part by the mortgagor, if the mortgagor is required or agrees to pay or be responsible for any fee or expense charged or incurred by any attorney acting for or on behalf of the mortgagee in connection with the rendering of a certification of title to the mortgaged premises such certification shall be rendered to the mortgagor and to the mortgagee.
Then, by St. 1994, c. 350, §3, approved January 13, 1995, the paragraph was further amended to read:
In connection with the granting of any loan or credit to be secured by a purchase money first mortgage on real estate improved with a dwelling designed to be occupied by not more than four families and occupied or to be occupied in whole or in part by the mortgagor, an attorney acting for or on behalf of the mortgagee shall render a certification of title to the mortgaged premises to the mortgagor and to the mortgagee.
Peterson argues that the deletion of the clause, “and such certification shall be deemed to have been rendered for the benefit of the mortgagor to the same extent as it is for the mortgagee,” in 1979 evidenced an intention on the part of the legislature to eliminate potential liability on the part of an attorney for the mortgagee to the mortgagor when he certifies title to the mortgaged premises. See Kramer-Rutter v. Cinella, 7 Mass. L. Rptr. 85 (1997). The court disagrees.
First, there were two material and related changes to this paragraph made in 1979. The language quoted above was eliminated: however, in addition the following clause was also eliminated: “the mortgagor or his attorney shall be given a copy of any certification of title to the mortgaged property rendered by the mortgagee’s attorney.” In its place the legislature inserted the following: “if the mortgagor is required or agrees to pay or be responsible for any fee or expense charged or incurred by any attorney acting for or on behalf of the mortgagee in connection with the rendering of a certification of title to the mortgaged premises such certification shall be rendered to the mortgagor and to the mortgagee.” There is a manifest difference between an obligation to provide a copy of the certification to the mortgagor and an obligation to “render” the certification to the mortgagor as well as the mortgagee. The American Heritage Dictionary defines “render” as: “to submit or present for consideration.” In other words, under the 1979 amendment, the mortgagor is not simply being sent a copy of what goes to the mortgagee, but rather is having the certification formally submitted to him or her for consideration in the same manner as it is being submitted to the mortgagee. Further, the juxtaposition of the words in the clause makes clear an intention that the formality of the deliveiy of the certification will be the same to the mortgagor as it is to the mortgagee, i.e., that the certification runs in parallel to both the mortgagor and the mortgagee. The court finds that the simultaneous change to both these clauses was to simplify the language and make the attorney’s obligation with respect to the certification direct. Instead of the statute stating that the certification will be “deemed” to have been rendered for the benefit of the mortgagor, it simply is to be rendered to the mortgagor as well as the mortgagee. This dual obligation is even more succinctly stated in the 1994 version of the paragraph, which is the version in effect at the time of the transaction at issue in this case, where the clause in question simply states: “an attorney acting for or on behalf of the mortgagee shall render a certification of title to the mortgaged premises to the mortgagor and to the mortgagee.”
The court finds further support for its interpretation of this clause in the fourth paragraph of §70, which states in relevant part: “The liability of any attorney rendering such certification shall be limited to the amount of the consideration shown on the deed with respect to the mortgagor, and shall be limited to the original principal amount secured by the mortgage with respect to the mortgagee.” That sentence was rewritten to its present form by St. 1980, c. 448, approved on July 10, 1980. It previously read as follows: “The liability of any attorney rendering such certification to the mortgagor shall be limited to the consideration shown on the deed and shall be limited to the amount of the mortgage when rendering certification to the mortgagee.” Thus, the 1979 amendment which removed the concept of “deemed” rendering and replaced it with the obligation to render the certification to both mortgagor and mortgagee can be seen as a means of harmonizing the use of the word “render” in paragraph one and paragraph four. And, more importantly, a provision that describes and limits the different potential liabilities of the attorney to the mortgagor and mortgagee has consistently been a part of §70 both before and after the 1979 amendments. If it was the legislature’s intent in 1979 to amend §70 to eliminate potential liability on the part of the mortgagee’s attorney to the mortgagor, there would have been no reason to continue this reference in the fourth paragraph of the section to the amount of *157 potential liability to the mortgagor; and then to rewrite the sentence in 1980 to make it simpler and more direct in explaining the different liabilities that an attorney potentially incurred when he “rendered” the certification to the mortgagee and the mortgagor.
Peterson also argues that G.L.c. 184, §17B, which requires disclosure to the mortgagor that “the responsibility of the attorney for mortgagee is to protect the interest of mortgagee!, and] mortgagors may, at their own expense, engage an attorney of their selection to represent their interests in the transaction,” would have no meaning if the attorney’s certification of title created obligations to the mortgagor. There are however many issues that can arise during a residential real estate transaction in addition to title questions. §70 only requires that if the mortgagee’s attorney renders a certification of title to the mortgagee he must also render it to the mortgagor as well. It does not create a general attorney/client relationship between the mortgagor and the mortgagee’s counsel. It simply establishes potential liability to the mortgagor for negligently certifying title to the property being mortgaged, if damages flow from an improvident certification.[6]
ORDER
For the foregoing reasons the defendant Peterson’s motion for summary judgment dismissing the third-party complaint as to him is hereby DENIED.[7]

 The court will refer to the plaintiff generally as “Bariknorth,” although the transactions at issue may have been in the name of one of its predecessors in interest, as the distinction is not material to any issue raised in the instant motion.

 In Page v. Frazier, 388 Mass. 55, 60-63 (1983), the Supreme Judicial Court made clear that in the absence of §70, counsel for the mortgagee bank/lender owes no duty to the mortgagor borrower.

 For a case involving claims against the mortgagee’s attorney by mortgagors unrelated to title see Horvath v. Adelson, Golden & Loria, P.C., 55 Mass.App.Ct. 1113 (2002), 2002 WL 1931997 (unreported decision).

 Whether the cause of action should properly be styled as professional negligence, breach of a contractual obligation, or a statutory right of action, need not now be resolved.